**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **H.P. and L.P.**

**No. 23-274** (Ritchie County CC-43-2022-JA-22 and CC-43-2022-JA-23)

**MEMORANDUM DECISION**

Petitioner Father R.P.[1] appeals the Circuit Court of Ritchie County's April 25, 2023, order terminating his parental rights to H.P. and L.P.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In April 2022, the DHHR filed a petition alleging that petitioner perpetrated domestic violence against the children and their mother. Specifically, petitioner abused the children by hitting them with his hands, belts, rubber straps, and switches, leaving their skin open and bleeding. He abused the mother in the presence of the children by holding a gun to her head, threatening to kill her, and locking her out of the home. Furthermore, petitioner shot and killed the family dog in the children's presence. Petitioner stipulated to the allegations in the petition at an adjudicatory hearing held in December 2022. Therefore, the court adjudicated petitioner as an abusing and neglecting parent.[3]

The court held an initial dispositional hearing in February 2023, and took additional evidence at a final dispositional hearing in March 2023. The court heard testimony from petitioner, a Child Protective Services ("CPS") worker, petitioner's adult stepson, and the children's therapist. Also admitted into evidence and played for the court was a video captured by the mother of petitioner's abusive behavior, which the therapist testified appeared "engrained." The therapist further testified to H.P.'s diagnosis of post-traumatic stress disorder ("PTSD") as a result of the

---

[1]Petitioner appears by counsel Justin Raber. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katica Ribel. Counsel Keith White appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]Petitioner also voluntarily relinquished his parental rights to his five older children during the adjudicatory hearing. He raises no argument on appeal regarding those children or the relinquishment. Therefore, only his rights to H.P. and L.P. are at issue on appeal.

1

abuse she observed and endured, and that H.P. calls her father by his first name and has never referred to him as "dad." Although petitioner testified to taking anger management classes, he described learning "how you get control of your own emotions and that way you can control, you know, the children or anybody's emotions if you don't get angry or if you show your anger or anything like that." Petitioner denied laying his hands on the mother or the children, other than discipline, asserting that his behavior did not extend beyond yelling and cussing. Petitioner also admitted that he never sought visitation with the children during the proceedings. Based on the evidence presented, the court denied petitioner's motion for an improvement period, finding that petitioner failed to fully acknowledge his deficiencies or that the children were abused. The court further found no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected and that it was necessary for the welfare of the children to terminate petitioner's parental rights. It is from the final dispositional order that petitioner appeals.[4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner argues that the circuit court erred in terminating his parental rights without granting an improvement period or considering a less restrictive dispositional alternative.[5]

First, we find no merit in petitioner's argument that the circuit court erred in denying his motion for a post-adjudicatory improvement period. We have held that,

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). Here, the court correctly found that petitioner failed to acknowledge the existence of a problem, as evidenced by his own testimony. Despite stipulating to the allegations of abuse, petitioner denied the extent of his abusive behavior and testified that anger management classes taught him how to control situations. He further admitted that he did not seek visitation throughout the proceedings, and the therapist pointed out that H.P. never called petitioner "dad," suggesting no bond between them.

---

[4]The permanency plan is for the children to remain in the custody of the nonabusing mother.

[5]Petitioner additionally raises an argument concerning the DHHR's compliance with West Virginia Code § 49-4-604(a), governing the timeframes for issuing family case plans. However, the record shows that the DHHR met the requirements of this statute. Further, at the dispositional hearing, the DHHR sought to orally amend that case plan, which the circuit court permitted and to which petitioner did not object. Therefore, we decline to address this issue on appeal. *See Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) ("'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.'" (citation omitted)).

2

We have previously stated that, "the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citations omitted). Therefore, we find that the circuit court did not abuse its discretion in denying petitioner's motion for an improvement period. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002) ("the circuit court has discretion to refuse to grant an improvement period when no improvement is likely.").

We, likewise, find no merit in petitioner's argument that the circuit court erred in terminating his parental rights without considering a less restrictive dispositional alternative. We have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Here, the court's finding that there was no reasonable likelihood that conditions of abuse could be substantially corrected is supported by the record, specifically the therapist's testimony that petitioner's abusive behavior was engrained and his own testimony continuing to deny his abusive behavior. The court found it necessary for the welfare of the children to terminate petitioner's parental rights, particularly considering H.P.'s diagnosis with PTSD from the abuse suffered. Accordingly, we find that the circuit court did not err in terminating petitioner's parental rights. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental rights upon finding no reasonable likelihood conditions of abuse and neglect can be substantially corrected in the near future and when necessary for child's welfare).

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 25, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: October 25, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn